**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie SLOAN, Defendant-Appellant.**

**No. 72–1222.**

United States Court of Appeals
Ninth Circuit.

Aug. 22, 1972.

---

James Wilcox (argued), Los Angeles, Cal., for appellant.

Paul H. Sweeney, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING and GOODWIN, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Appellant's conviction under 21 U.S.C. § 176a was affirmed by this court on an earlier appeal. Appellant now seeks review of the district court's denial of his motion for a new trial.

The motion was based upon (1) the alleged suppression by the government of information concerning the whereabouts of an unindicted co-conspirator named Robinson, and (2) the presentation by the government of the testimony of a second unindicted co-conspirator

named Bucher, which testimony, appellant alleges, the government knew to be perjured.

We affirm.

■ (1) The district court could reasonably find from the evidence before it, especially the testimony of Special Agent Thaine Ellis, that the government lost contact with Robinson some months before appellant's trial and did not know his whereabouts. Robinson's own affidavits, submitted by appellant in support of his motion, do not contradict this finding. With the issue of suppression decided in the government's favor, the only remaining question was whether Robinson's "newly discovered" testimony required a new trial. Each factual assertion of any relevance in Robinson's affidavits was directly refuted by the testimony of Ellis and Bucher. The court observed the latter witnesses testify, and could judge their credibility. Appellant did not see fit to produce Robinson at the hearing on the motion. The court could properly conclude that Ellis and Bucher testified truthfully, that Robinson's affidavits were not entitled to credence, and therefore that Robinson's testimony probably would not result in an acquittal at a new trial. *See* United States v. Higgins, 412 F.2d 789, 790–791 (7th Cir. 1969); Larrison v. United States, 24 F.2d 82, 87–88 (7th Cir. 1928).

■■ (2) Appellant concedes that a copy of the document which reveals the inconsistency in Bucher's testimony (a statement Bucher made to customs agents two days after appellant's arrest) was given to appellant by the government prior to trial. As a prior inconsistent statement, it could have been used to impeach Bucher's testimony at trial. The mere fact of inconsistency, however, does not prove perjury, *cf.* United States v. Goldberg, 290 F.2d 729, 733 (2d Cir. 1961), let alone knowing presentation of perjured evidence by the government.

Affirmed.

* Honorable William G. East, Senior Judge, United States District Court for the District of Oregon, sitting by designation.